FILED
SUPERIOR COURT
OF GUAM

2021 JAN -7 PM 3: 31

CLERK OF COURT
By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CM0201-20**<br>**GPD Report No. 20-13794** |
| Plaintiff, | |
| vs. | |
| | **DECISION AND ORDER**<br>**(Defendant's Motion for the Dismissal of**<br>**the Complaint and Defendant's Motion to**<br>**Dismiss for Lack of Probable Cause)** |
| **MARIANO OTIWII TORRES,**<br>DOB: 05/05/1977 | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Dana A. Gutierrez on October 30, 2020 for a hearing on Defendant Mariano Otiwii Torres' Motion to Dismiss Against Defendant for Lack of Probable Cause filed on August 6, 2020 ("Motion to Dismiss for Lack of Probable Cause") and Motion for the Dismissal of the Complaint filed on September 25, 2020. Present via Zoom were Attorney Kathleen Aguon of the Public Defender Service Corporation ("PDSC") representing Defendant Mariano Otiwii Torres ("Defendant") and Assistant Attorney General Leonardo Rapadas representing the People of Guam ("People"). Defendant was not present. The People did not file a written opposition to either Motion, but at the hearing, agreed that the Magistrate's Complaint ("Complaint") should be dismissed without prejudice for lack of probable cause. The Court now issues this Decision and Order **DENYING** Defendant's Motion for the Dismissal of the Complaint (Sept. 25, 2020); **GRANTING** Defendant's Motion to Dismiss for Lack of

Probable Cause (Aug. 6, 2020); and **ORDERS** the above-captioned case dismissed without prejudice.

## BACKGROUND

Defendant was charged via Magistrate's Complaint with one count of Disorderly Conduct (As a Petty Misdemeanor) on May 28, 2020. In the Complaint and the accompanying Declaration, Defendant is identified as "Kino Keeler." Magistrate's Compl. (May 28, 2020); Decl. of Rolland B. Wimberly (May 28, 2020). At the May 28, 2020 Magistrate's Hearing, the Defendant appeared with his counsel, Attorney Earl Espiritu of PDSC. Also at the Magistrate's Hearing, the Court set the arraignment date for June 24, 2020. Magistrate's Compl. (May 28, 2020). Magistrate Judge Jonathan R. Quan was subsequently appointed as Judge *Pro Tempore* for this case pursuant to 7 G.C.A. § 6108(a) on May 28, 2020 ("Magistrate Judge Quan").

The June 24, 2020 arraignment date was rescheduled by the Court. The Court reset the arraignment date for August 17, 2020. On June 25, 2020, the People filed an Errata to Correct the Defendant's Name and Date of Birth and Remove Alias. People's Errata (June 25, 2020). The People's Errata states, "Defendant's alias of 'Kino Keeler'. . . on the magistrate complaint filed on May 28, 2020 was in error." *Id.* The People's Errata continues, "[t]he error was confirmed by the comparison of the arrest mug photo of Defendant [Torres] with a proper arrest mug photo of Kino Keeler . . . which confirmed they are not the same person." *Id.*

On August 6, 2020, Defendant filed a Motion to Dismiss for Lack of Probable Cause, claiming that because the Complaint and accompanying Declaration accused "Kino Keeler" of the crime, and not Defendant, there was not sufficient probable cause to charge Defendant.

On August 17, 2020, Magistrate Judge Quan heard the August 17, 2020 arraignment hearing; however, the record reflects that Defendant was not present. Min. Entry (Aug. 17, 2020). Attorney David J. Highsmith of PDSC appeared representing the Defendant and Assistant Attorney General Rolland B. C. Wimberley appeared for the People of Guam. *Id.* At the hearing, the Court continued the arraignment until August 31, 2020. *Id.*

A Summons for the August 31, 2020 continued arraignment hearing was signed by Magistrate Judge Quan and was filed on August 18, 2020. The Summons was not served on Defendant; however it was served on the Office of the Attorney General and PDSC. The August 31, 2020 continued arraignment hearing was subsequently rescheduled.

On September 21, 2020, the case was assigned to the Honorable Dana A. Gutierrez, and upon the issuance of the Notice of Judge Assignment, the Court scheduled a Status Hearing with the parties for September 25, 2020. Present at the Status Hearing via Zoom were Defendant; Attorney Stephen P. Hattori representing Defendant; and Assistant Attorney General Richelle J.T.Y Canto representing the People of Guam. At the September 25, 2020 hearing, the Court noted the pending Motion to Dismiss for Lack of Probable Cause and set a Motion Hearing for October 30, 2020.

On September 25, 2020, the Defendant filed the Motion for the Dismissal of the Complaint. On September 28, 2020, Magistrate Judge Quan issued a Summons for Defendant to appear for his arraignment on October 1, 2020 which was served on the Office of the Attorney General and PDSC. On October 1, 2020, Magistrate Judge Quan arraigned the Defendant. Present via Zoom were Defendant; Attorney Ali N. Nusbaum representing Defendant; and Assistant Attorney General Steven J. Haderlie representing the People of Guam.

On October 8, 2020, the Court issued an Order Re Briefing Schedule on Motions in order to consolidate the briefing schedule for Defendant's Motion to Dismiss for Lack of Probable Cause and Defendant's Motion for the Dismissal of the Complaint. The Court ordered that the People's Opposition to both Motions be filed by October 22, 2020 and the Defendant's Replies, if any, be filed by October 29, 2020. The Order scheduled both Motions to be heard on October 30, 2020.

At the October 30, 2020 Motion Hearing, the People stated they do not oppose the Motion to Dismiss for Lack of Probable Cause, but informed the Court that the People intend to refile the charges after a dismissal without prejudice. Min. Entry, at 10:36:34 AM (Oct. 30, 2020). Additionally, the People argued that the Complaint should not be dismissed for lack of prompt arraignment because good cause exists for the delay. *Id.* at 11:02:56 AM. In response, Defendant argued that the case should be dismissed with prejudice both for lack of probable cause and for lack of a prompt arraignment. Min. Entry, at 10:39:00 AM (Oct. 30, 2020). The Court took both Motions under advisement on October 30, 2020.

## DISCUSSION

I.  **Motion for the Dismissal of the Complaint.**

In Defendant's Motion for the Dismissal of the Complaint, Defendant asserts that there is "no good cause to justify the almost 100 day delay from May 28, 2020 (the filing of the complaint) and September 25, 2020 (the date of Mr. Torres' first status hearing called by the Honorable Judge Dana A. Gutierrez)." Mot. for Dismissal, at 2 (Sept. 25, 2020). Specifically, Defendant argues that the Supreme Court of Guam's Administrative Order No. ADM20-399 authorized the Superior Court of Guam to conduct arraignments after August 31, 2020; therefore,

4

Defendant should have been arraigned prior to the status hearing scheduled for September 25, 2020. *Id.* at 3. At the October 30, 2020 hearing, Defendant ultimately argued that the lack of good cause for the delay calls for a dismissal of this case with prejudice. Min. Entry, at 10:51:16, 11:02:03 AM (Oct. 30, 2020).[1]

At the October 30, 2020 Motion Hearing, the People argued that the 60 day period during which a Defendant must be arraigned was tolled by the Supreme Court's various Administrative Orders that were issued in light of the ongoing COVID-19 Pandemic. Min. Entry, at 11:02:03 AM (Oct. 30, 2020). Further, the People assert that in light of the ongoing COVID-19 Pandemic, the current circumstances give rise to good cause for the delay of Defendant's arraignment, and therefore, the case should be dismissed without prejudice if the Court is inclined to grant the Motion. *Id.* at 11:02:56 AM.

Pursuant to 8 G.C.A. § 60.10(a), a defendant "shall be arraigned promptly . . . after the complaint is filed[.]" Although 8 G.C.A. § 60.10 requires a "prompt" arraignment, it does not provide a specific time for arraignment. However, in *People v. Rasauo ("Rasauo II")*, the Supreme Court of Guam held that the prompt arraignment requirement in 8 G.C.A. § 60.10(a) "is a statutory expression of the speedy trial right" that is protected by 8 G.C.A. § 80.60. 2011 Guam 14 ¶ 9 (citing *People v. Stephen,* 2009 Guam 8 ¶ 32). In determining whether a defendant is promptly arraigned pursuant to § 60.10(a), the Supreme Court applied the statutory speedy trial time period delineated in 8 GCA § 80.60(a)(3), or 60 days. *Id.*

---

[1] The Court notes that Defendant's Motion for Dismissal of the Complaint did not address the issue of whether dismissal should be with or without prejudice. At the October 30, 2020 hearing, in response to the People's indication that they intend to refile the Complaint if dismissed without prejudice, Defendant argued for a dismissal with prejudice.

Therefore, pursuant to *Rasauo II*, Guam law holds that "**unless good cause is shown**, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *Id.* at ¶ 14 (emphasis added) (holding that the People failed to show good cause as there was nothing in the record to justify a delay of more than 60 days). In *Rasauo II*, the Supreme Court held that "in determining whether arraignment has occurred with reasonable speed, a court must consider the specific circumstances of the case." *Id.* Further, the Supreme Court held that "compliance with this new standard continues to require a case by case analysis of whether or not the 'specific circumstances' of any given case show good cause for delay beyond the 60 day period." *Id.* Moreover, the holding in *Rasauo II* was "designed to provide a baseline standard, and not to bind the hands of the trial court in cases where deviation from this baseline is judged to be appropriate." *Id.*

A.     **The Specific Circumstances Surrounding the Case at Bar.**

Here, the People argue that the Supreme Court's Administrative Orders and the ongoing COVID-19 Pandemic give rise to good cause justifying the delay. The Defendant asserts that because the Administrative Orders authorized the Court to conduct arraignment hearings and because some arraignment hearings were held, there is no good cause to justify the delay in arraigning the Defendant in this case. Min. Entry, at 11:04:37-11:07-21 AM (Oct. 30, 2020). *The Court disagrees with Defendant.*

With regard to Court operations during the ongoing COVID-19 Pandemic, the Supreme Court issued a series of Administrative Orders during the relevant time period—from on or about May 28, 2020 to October 1, 2020—in this case.

6

1.    **ADM20-260: Second Updated Order Relative to Court Operations
Under Exigent Circumstances Related to COVID-19 (Coronavirus).**

On June 3, 2020, the Supreme Court issued Administrative Order ("ADM") ADM20-260

which listed several essential matters that "shall continue to be scheduled and heard in keeping

with the urgency of those matters[.]" ADM20-260, at 3-4 (June 3, 2020). Arraignment hearings

were not included in the list of essential matters required to be heard at the Superior Court.[2] *Id.*

Although ADM20-260 does include arraignments in the list of hearings that are appropriate to be

heard on a virtual platform, the holding of such hearings was permissive and not mandatory

under the Administrative Order. *Id.* Additionally, ADM20-260 specifically addressed the tolling

of time periods involving the speedy trial procedure in criminal cases. ADM20-260 provides:

> The continuances occasioned by this Second Updated Order serve
> the ends of justice and outweigh the best interest of the public and
> the defendant in a speedy trial. Therefore, the time periods of such
> continuances shall be excluded from speedy trial computations
> under 8 G.C.A. § 80.60. **All time periods involving the speedy
> trial procedure in criminal proceedings** are tolled until
> November 3, 2020.

*Id.* at 4, 9 (emphasis added).

2.    **ADM20-361: Third Updated Order Relative to Court Operations
Under Exigent Circumstances Related to COVID-19 (Coronavirus).**

The next Administrative Order relevant to this matter was ADM20-361 which was issued

on July 2, 2020. This Administrative Order included the same provisions that were contained in

---

[2] The list of essential matters included: 1) Magistrate proceedings; 2) Writs of habeas corpus; 3) Preliminary hearings for detained juveniles; 4) Persons In Need of Services (PINS) petitions; 5) Civil protection orders; 6) Temporary restraining orders; 7) Search warrants; 8) Warrant returns; 9) Emergency guardianships; 10) Probation pretrial services; 11) Probation post-judgment services involving high-risk offenders; 12) Quarantine and isolation petitions and related proceedings; 13) Other court proceedings under Emergency Health Powers Act; and 14) Any other locally or federally mandated hearings. *See* ADM20-260; ADM20-361; ADM20-392; ADM20-399; ADM20-403; ADM20-406; ADM20-408; ADM20-410; ADM20-411.

ADM20-260—arraignments were not listed as essential but were deemed appropriate to be held virtually, and **all time periods involving the speedy trial procedure in criminal proceedings** were tolled until November 3, 2020. ADM20-361, at 3-4, 9 (emphasis added).

### 3. ADM20-392: Fourth Updated Order Relative to Court Operations Under Exigent Circumstances Related to COVID-19 (Coronavirus).

On August 14, 2020, the Supreme Court issued ADM20-392. ADM20-392 references Governor Lourdes Leon Guerrero's issuance of Executive Order 2020-27 and the declaration of Guam's return to Pandemic Condition of Readiness (PCOR) 1 status. ADM20-392, at 1. Specifically, ADM20-392 states:

> Since the declaration of PCOR 3, Guam has seen a growing trend of positive COVID-19 cases. In light of this recent spike, *I Maga'haga* issued Executive Order No. 2020-27 on August 14, 2020, declaring a return to PCOR 1 status beginning August 16, 2020, through August 29, 2020. Under PCOR 1, all but essential in-person government operations are suspended.

This Administrative Order included the same provisions contained in the prior Administrative Orders—arraignments were not listed as essential but were deemed appropriate to be held virtually, and **all time periods involving the speedy trial procedure in criminal proceedings** were tolled, with the difference that the tolling was extended until November 17, 2020. ADM20-392, at 2-3, 8 (emphasis added).

### 4. ADM20-399: Fifth Updated Order Relative to Court Operations Under Exigent Circumstances Related to COVID-19 (Coronavirus).

On August 21, 2020, the Supreme Court issued ADM20-399 which states that:

> On August 20, 2020, *I Maga'haga* announced that because of the recent rapid rise in the number of confirmed COVID-19 cases in Guam and the limited capacity of the island's healthcare system, even stronger measures are necessary to stem the spread of the virus. As a result, *I Maga'haga* announced that effective 12:00

8

p.m. on August 21, 2020, all but essential government and business operations shall be suspended for a period of at least one week.

ADM20-399, at 1.

Accordingly, in response to the situation facing our island, ADM20-399 ordered that: "All other Supreme Court and Superior Court matters scheduled to be heard between August 21, 2020, and August 31, 2020 are postponed and shall not be heard before August 31, 2020. These include, but are not limited to . . . **arraignments**[.]" *Id.* at 3 (emphasis added). Further, ADM20-399 included the same provision that was contained in the prior Administrative Orders, which tolled **all time periods involving the speedy trial procedure in criminal proceedings**, with the difference that the tolling was extended until November 17, 2020. *Id.* at 7 (emphasis added).

**5.    ADM20-403: Sixth Updated Order Relative to Court Operations Under Exigent Circumstances Related to COVID-19 (Coronavirus).**

On August 28, 2020, the Supreme Court issued ADM20-403 which references Executive Order No. 2020-29 issued on August 27, 2020. As noted in ADM20-402, Executive Order No. 2020-29 extended the stay-at-home directive and continued the closure of most government operations until September 4, 2020. ADM20-403, at 1.

In response to the extended stay-at-home directive and closure of government operations, ADM20-403 ordered that: "All other Supreme Court and Superior Court matters scheduled to be heard between August 21, 2020, and September 9, 2020, are postponed and shall not be heard before September 9, 2020. These include, but are not limited to . . . **arraignments**[.]" *Id.* at 3-4 (emphasis added). Further, ADM20-403 included the same provision that was contained in the prior Administrative Orders, which tolled **all time periods involving the speedy trial**

9

**procedure in criminal proceedings**, with the difference that the tolling was extended until November 30, 2020. *Id.* at 7 (emphasis added).

6. **ADM20-406: Seventh Updated Order Relative to Court Operations Under Exigent Circumstances Related to COVID-19 (Coronavirus).**

On September 4, 2020, the Supreme Court issued ADM20-406. This Administrative Order again listed essential matters required to be heard and did not include arraignment hearings in the list of essential matters. ADM20-406, at 3. Although ADM20-406 does include arraignments in the list of hearings that are appropriate to be heard on a virtual platform, it included the same provision contained in the prior Administrative Orders, which tolled **all time periods involving the speedy trial procedure in criminal proceedings**, with the difference that the tolling was extended until December 7, 2020. *Id.* at 4, 8 (emphasis added).

7. **ADM20-408: Eighth Updated Order Relative to Court Operations Under Exigent Circumstances Related to COVID-19 (Coronavirus).**

On September 11, 2020, the Supreme Court issued ADM20-408. This Administrative Order included the same provisions that were contained in the prior Administrative Orders—arraignments were not listed as essential but were deemed appropriate to be held virtually, and **all time periods involving the speedy trial procedure in criminal proceedings** were tolled, with the exception that the tolling was extended until December 14, 2020. ADM20-408, at 3-4, 8 (emphasis added).

8. **ADM20-410: Ninth Updated Order Relative to Court Operations Under Exigent Circumstances Related to COVID-19 (Coronavirus).**

On September 18, 2020, the Supreme Court issued ADM20-410. Again, this Administrative Order included the same provisions that were included in the prior Administrative Orders—arraignments were not listed as essential but were deemed appropriate

to be held virtually, and **all time periods involving the speedy trial procedure in criminal proceedings** were tolled, with the exception that the tolling was moved to December 21, 2020. ADM20-410, at 3-4, 8 (emphasis added).

9.      **ADM20-411: Tenth Updated Order Relative to Court Operations Under Exigent Circumstances Related to COVID-19 (Coronavirus).**

Lastly, on September 25, 2020, the Supreme Court issued ADM20-411.[3]   This Administrative Order included the same provisions that were included in the prior Administrative Orders—arraignments were not listed as essential but were deemed appropriate to be held virtually, and **all time periods involving the speedy trial procedure in criminal proceedings** were tolled, with the exception that the tolling was extended until December 31, 2020.  ADM20-411, at 4-5, 10 (emphasis added).

B.      **Good Cause Exists for the Delay in Defendant's Arraignment.**

Pursuant to the holding in *Rasauo II*, in order to determine whether an arraignment has occurred with reasonable speed, the Court must consider the "specific circumstances of the case" which requires a "case by case analysis of whether or not the 'specific circumstances' of any given case show good cause for the delay beyond the 60 day period." *Rasauo II*, 2011 Guam 14 ¶ 14.  In the case at bar, the Court finds that good cause exists for the delay in Defendant's arraignment beyond the 60 day period.

In reviewing the specific circumstances of this case, it is clear that during the relevant time period—from on or about May 28, 2020 to October 1, 2020—there were Supreme Court Administrative Orders in effect that provide good cause for the delay in arraigning the Defendant.  First, arraignments were not included in the list of essential matters required to be

---

[3] ADM20-411 is the last Administrative Order that was issued during the relevant time period in this case.

11

heard pursuant to the Supreme Court Administrative Orders issued. *See* ADM20-260; ADM20-361; ADM20-392; ADM20-399; ADM20-403; ADM20-406; ADM20-408; ADM20-410; ADM20-411. Rather, as noted above, the holding of arraignments was deemed permissive on a virtual platform, not mandatory. *Id.*

Second, throughout the relevant time period in this case, the Government of Guam issued several Executive Orders which limited government operations in the interest of public health. As noted in ADM20-392, through the issuance of Executive Order No. 2020-27, Guam returned to PCOR1 status beginning August 16, 2020 and all but essential in-person government operations were suspended for a significant period of time. Following the island's return to PCOR1 status and the continuing rise in COVID-19 cases, the Supreme Court issued ADM20-399 ordering that all Superior Court matters scheduled to be heard between August 21, 2020 and August 31, 2020—which explicitly included arraignments—be postponed and were prohibited from being heard before August 31, 2020. Likewise, despite Defendant's assertion that arraignments could be heard again commencing August 31, 2020, through the issuance of ADM20-403 on August 28, 2020, the Supreme Court ordered that all Superior Court matters scheduled to be heard between August 21 and September 9, 2020, including arraignments, were explicitly postponed and prohibited from being heard before September 9, 2020.[4]

Third, from the time the Complaint was filed through the time when Defendant was ultimately arraigned, the Administrative Orders tolled "**all time periods involving the speedy trial procedure in criminal proceedings.**" *See* ADM20-260; ADM20-361; ADM20-392; ADM20-399; ADM20-403; ADM20-406; ADM20-408; ADM20-410; ADM20-411. As

---

[4] Defendant's Motion for the Dismissal of the Complaint asserts that ADM20-399 authorized the Superior Court of Guam to conduct arraignments after August 31, 2020. Mot. for Dismissal, at 3 (Sept. 25, 2020).

12

reflected above, in *Rasauo II*, the Supreme Court held that the prompt arraignment requirement in 8 G.C.A. § 60.10(a) "is a statutory expression of the speedy trial right" that is protected by 8 G.C.A. § 80.60. 2011 Guam 14 ¶ 9 (citing *People v. Stephen*, 2009 Guam 8 ¶ 32). As the right to a prompt arraignment is based on a Defendant's right to a speedy trial, the Court finds that the tolling of "all time periods involving the speedy trial procedure" ordered by the above Administrative Orders applies to the tolling of the prompt arraignment requirement. *See People v. Stephen*, 2009 Guam 8 ¶ 30; *Rasauo II*, 2011 Guam 14 ¶ 9.

Lastly, the purpose of the Administrative Orders and the tolling ordered therein is "to protect the public health by reducing the risk of exposure to COVID-19 and slowing the spread of the disease." *See* ADM20-260; ADM20-361; ADM20-392; ADM20-399; ADM20-403; ADM20-406; ADM20-408; ADM20-410; ADM20-411. In light of this purpose, the ongoing COVID-19 Pandemic, the several efforts the Court made to reschedule the arraignment in accordance with the Administrative Orders, the fact that arraignments were not listed as essential hearings required to be held, the prohibition against the holding of arraignments from August 21 through September 9, 2020, and the tolling of all time periods involving the speedy trial procedure, the Court finds that the "specific circumstances" surrounding this case indicate that good cause exists for the delay in arraigning the Defendant beyond the 60 day time period adopted in *Rasauo II*. 2011 Guam 14 ¶ 14. Accordingly, the Defendant's Motion for the Dismissal of the Complaint is denied.

//

//

//

## II.   Motion to Dismiss for Lack of Probable Cause.

### A.   The Complaint Is Dismissed for Lack of Probable Cause.

In Defendant's Motion to Dismiss for Lack of Probable Cause, Defendant argues that "[t]he suspect who allegedly committed the charged crime and arrested was Kino Keeler, and is not Defendant Mariano Otiwii Torres as no reference is made in the Declaration to Defendant by name whatsoever." Mot. to Dismiss, at 2 (Aug. 6, 2020); *see* Magistrate's Compl., at 2. Thus, Defendant asserts that there can be no probable cause against Defendant, and the Complaint should therefore be dismissed. *Id.* At the hearing, the People did not oppose the Motion to Dismiss for Lack of Probable Cause, but argued the Complaint should be dismissed without prejudice. Min. Entry, at 10:36:34 AM (Oct. 30, 2020).

Guam law provides, "[i]f it appears from the complaint and affidavits filed therewith that there is probable cause to believe that an offense has been committed and **that the defendant has committed it**, the judge shall issue a summons . . . ." 8 G.C.A. § 15.20(a) (emphasis added). Further, "[i]f from the evidence it appears that there is no probable cause to believe that an offense has been committed or **that the defendant committed it**, the court shall dismiss the complaint and discharge the defendant." 8 G.C.A. § 45.20(b) (emphasis added).

Probable cause is a fluid concept--turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a near set of legal rules." *People v. Gallo*, 2017 Guam 24 ¶ 22 (citing *Illinois v. Gates*, 462 U.S. 213, 236 (1983)). Probable cause exists when "the facts and circumstances within [the police officers'] knowledge and of which they had reasonable trustworthy information were sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing an offense." *People of Guam v.*

*Taman*, 2013 Guam 22 ¶ 23 (*quoting Beck v. Ohio*, 379 U.S. 89, 91 (1964)). Further, when a Judge can only rely "solely upon the supporting affidavit [to issue a warrant], only that information which is found in the four corners of the affidavit may be considered in determining the existence of probable cause." *See U.S. v. Wiley*, No.09-cr-239, 2009 WL 5033956 (D. Minn. Dec. 15, 2009).

Here, the Declaration attached to the Complaint makes no mention of Defendant at all. The Declaration provides that "GPD Officers . . . observed a shirtless male, later identified as Kino Keeler." Decl. of Rolland B. Wimberly (May 28, 2020). When the Complaint was initially presented, the People identified Defendant's alias as "Kino Keeler." *See* Magistrate's Compl., at 1 (May 28, 2020). Specifically, the caption and the charge identify Defendant as "Mariano Otiwii Torres, aka Kino Keeler." *Id.* Thus, the Court notes that without the correction provided in the People's Errata, the Complaint would have been supported by probable cause according to the information in the attached Declaration.

However, the People's Errata later confirmed that Defendant and Kino Keeler are not the same person. People's Errata (June 25, 2020). The People did not take any further action to correct the information in the Declaration supporting the Complaint filed against Defendant. Therefore, because the People's Errata confirmed that Defendant and Kino Keeler are not the same person, it is impossible to establish that a reasonably prudent person could believe that Defendant committed the crime based on the facts provided in the Declaration. The Court finds that the Complaint filed against Defendant lacks probable cause supporting that Defendant committed the offense charged. Accordingly, the Court shall dismiss the Complaint.

B.     **The Complaint Is Dismissed Without Prejudice.**

The People do not object to a dismissal without prejudice, but stated they plan to refile

the Complaint with the proper name attached. Min. Entry, at 10:36:34 AM (Oct. 30, 2020).

However, Defendant argues for a dismissal with prejudice based on 8 G.C.A. § 45.20(b).[5] *Id.* at

10:39:00 AM.

In his Motion, Defendant argues that Guam law provides, "[i]f . . . it appears that there is

no probable cause . . . the court shall dismiss the complaint and discharge the defendant. 8

G.C.A. § 45.20(b). However, 8 G.C.A. § 45.20(b) further provides, "[s]uch discharge shall not

preclude the government from instituting a subsequent prosecution for the same offense." 8

G.C.A. § 45.20(b). Thus, the plain text of the section relied upon by Defendant to support his

Motion provides for a dismissal without prejudice.

The Guam Supreme Court has held that courts should "disfavor[] dismissals with

prejudice." *People v. Villapando*, 1999 Guam 31 ¶ 52 (citing *People v. Palomo*, 1998 Guam 12 ¶

17) ("[D]ismissal with prejudice is generally a harsh result."). Dismissals with prejudice are

warranted "in cases of egregious prosecutorial misconduct or on a showing of prejudice (or a

substantial threat thereof), or irremediable harm to the defendant's opportunity to obtain a fair

trial." *People v. Bryan*, 2019 Guam 8 ¶ 36 (citing *State v. Larson*, 776 N.W.2d 254, 260 (S.D.

2009)).

Here, the plain language of the statute allowing for the Court to dismiss the Complaint

for lack of probable cause supports dismissal without prejudice. *See* 8 G.C.A. § 45.20(b) (stating

---

[5] The Court notes that Defendant's Motion to Dismiss for Lack of Probable Cause did not address the issue of whether dismissal should be with or without prejudice. At the October 30, 2020 hearing, in response to the People's indication that they intend to refile the Complaint if dismissed without prejudice, Defendant argued for a dismissal with prejudice.

that a dismissal "shall not preclude the government from instituting a subsequent prosecution"). Further, there is no evidence of prosecutorial abuse, and thus, no reason to dismiss with prejudice in order to protect Defendant from irremediable harm or repeated prosecution. *See People v. Bryan*, 2019 Guam 8 ¶ 36. Therefore, the Court finds that the Complaint should be dismissed without prejudice, allowing the People to refile as necessary.

### CONCLUSION

For the reasons stated above, the Court hereby **DENIES** the Defendant's Motion for Dismissal of the Complaint. However, the Court hereby **GRANTS** the Defendant's Motion to Dismiss for Lack of Probable Cause and **ORDERS** the above-captioned case dismissed without prejudice.

**SO ORDERED** this 7th day of January, 2021.

_____
**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

_AG, POSC_

Date: _____ Time: _____

_____
Deputy Clerk, Superior Court of Guam

17